Filed 2/9/16  P. v. Torres CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078565 |
| v. | (Super. Ct. No. CM037433) |
| JULIO SESAR TORRES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Julio Sesar Torres asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On September 12, 2012, deputies executed a search warrant at defendant's property and discovered a marijuana growing operation with multiple marijuana gardens. On that same day, deputies also searched co-defendant Juan Valencia Torres's property.

1

There, they discovered a shed containing 89 growing marijuana plants. In the house, they found paperwork belonging to defendant and a bankbook indicating co-defendant had recently deposited $47,000 into his bank account.

Defendant was charged with cultivation of marijuana and possession of marijuana for sale. (Health & Saf. Code, §§ 11358, 11359.) On November 5, 2014, defendant pleaded no contest to possession of marijuana for sale. In exchange for his plea, the cultivation of marijuana charge and a separately filed case were dismissed with a *Harvey* waiver.[1]

On January 14, 2015, the trial court granted defendant probation with the condition he serve 90 days in county jail. It also imposed various fines and fees, and awarded defendant 16 days of custody credit.

Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
HOCH, J.

We concur:

_____/s/_____
RAYE, P. J.

_____/s/_____
RENNER, J.

3